**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3171
_____

JOHN DOE a/k/a MOHAMMED SHAHID;
JOHN DOE a/k/a MOHAMMED BILAL,
                                        Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On a Petition For Review of an Order of the Board of Immigration Appeals
Agency Nos. A079-211-398 & A079-211-399
Immigration Judge: Margaret R. Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 2, 2010
Before: SCIRICA, SMITH and WEIS, <u>Circuit Judges</u>

Opinion filed: June 03, 2010
_____

OPINION

_____

PER CURIAM.

        Petitioners Mohammad Shahid and Mohammad Bilal, father and son, and

1

natives and citizens of Pakistan, illegally entered the United States in November of 2000. In December of 2000, the former Immigration and Naturalization Service issued each of them a Notice to Appear, charging that they were removable under Immigration & Nationality Act ("INA") § 212(a)(6)(A)(I), 8 U.S.C. § 1182(a)(6)(A)(I), as aliens who were present in the United States without having been admitted or paroled.

On April 20, 2001, Shahid married Lakeysha Y. Thomas, a United States citizen. A.R. 439. On April 30, 2001, a day before the LIFE Act deadline, Thomas filed immediate relative visa petitions, Form I-130, see 8 U.S.C. § 1151(b)(2)(A)(I), for Shahid as her spouse, and Bilal as her unmarried child. A.R. 437-38.[1] On November 2, 2001, Thomas was notified of the approval of the visa petitions. See id. On April 22, 2002, the State of New Jersey granted Shahid a divorce from Thomas.

On April 25, 2002, three days after his divorce from Thomas, Shahid married Balbir Kaur, a lawful permanent resident of the United States. A.R. 50. Three months later, on July 25, 2002, Kaur filed two immediate relative visa petitions, A.R.

---

[1] On December 21, 2000, Congress enacted the Legal Immigration Family Equity ("LIFE") Act Amendments, which amended a prior law benefitting certain individuals who were otherwise ineligible to adjust their status in the United States because they were present without having been admitted or paroled. It replaced the original cut-off date with the new date of April 30, 2001. See generally Khan v. Att'y Gen. of U.S., 448 F.3d 226, 229 (3d Cir. 2006). The LIFE Act amendments provided, in pertinent part, that a beneficiary of a petition for an immigrant visa filed on or before April 30, 2001, who was physically present in the United States on the date of enactment and paid the $1,000 fee, could adjust status under INA section 245(i). See INA § 245(i)(1)(B), 8 U.S.C. § 1255(i)(1)(B).

435-36 – one for Shahid as her spouse, and one for Bilal as her unmarried child, see 8 U.S.C. § 1153(a)(2)(A).

On April 12, 2006, Shahid submitted an application for asylum and withholding of removal, Form I-589, claiming changed circumstances and a fear of returning to Pakistan. A.R. 271-79. About two weeks later, Shahid and Bilal appeared before the Immigration Judge. They conceded that they were removable as charged and proceeded solely on the basis of Shahid's request for asylum. Shahid testified at his merits hearing and claimed to fear persecution in Pakistan from "Shia people" over religious differences. At the conclusion of Shahid's testimony, the Immigration Judge denied his request for relief and protection, thereby also denying Bilal asylum as a derivative of Shahid's application. Shahid and Bilal appealed the IJ's decision to the Board of Immigration Appeals, which affirmed on October 9, 2007.

On November 16, 2007, Shahid and Bilal filed a motion to reopen with the Board, claiming that they had approved immediate relative visa petitions filed by Balbir Kaur, and the priority dates for their visas were current. They requested that the Board grant them adjustment of status. Attached to the motion to reopen were the following: the Approval Notice, Form I-797C, for Bilal relating to the visa petition filed by Ms. Kaur, A.R. 79, and a copy of the Department of State Visa Bulletin for October, 2007. On April 25, 2008, the Board denied the motion to reopen on procedural and substantive grounds. First, Shahid and Bilal had failed to file an application to adjust status, Form I-485, along

with their motion, as required by 8 C.F.R. § 1003.2(c)(1) (requiring that all applications for relief be appended to motions to reopen). Second, Shahid and Bilal failed to establish prima facie eligibility for adjustment of status, because, as aliens who had entered the United States without being admitted or paroled, they were ineligible to adjust their status under INA § 245(a), 8 U.S.C. § 1255(a), and they did not submit evidence that they qualified under INA § 245(I), 8 U.S.C. § 1255(I), either.

On January 7, 2009, Shahid and Bilal, now represented by different counsel, filed a second motion to reopen with the Board. In it they claimed that they were the victims of ineffective assistance of counsel by their previous attorney, Dominick S. Cardinale, who assisted them in filing their first motion to reopen. Attached to the motion to reopen and offered in support of it were the following: a copy of the Receipt Notice from July 18, 2001 for Lakeysha Thomas's immediate relative visa petition for Shahid; a copy of the Approval Notice from November 2, 2001 for Ms. Thomas's immediate relative visa petition for Bilal; copies of the Receipt Notices from July 25, 2002 for Balbir Kaur's immediate relative visa petitions for Bilal and Shahid; a copy of the Approval Notice, Form I-797C, from April 20, 2005 for Ms. Kaur's immediate relative visa petition for Bilal; various documents regarding attorney Cardinale; an affidavit from Shahid; Shahid's application to adjust status, Form I-485, with Supplement A relating to INA § 245(I), 8 U.S.C. § 1255(I); biographic information sheets, Form G-325 and G-325A, completed by Ms. Kaur and Shahid; Shahid and Ms. Kaur's marriage

4

certificate; photographs; documents regarding Shahid's previous marriage to and divorce from Ms. Thomas; documents regarding both Ms. Kaur's birth, and her marriage to and divorce from Harjit Singh; and documents regarding Shahid's previous marriage to and divorce from Bilal's biological mother in Pakistan.  A.R. 22-66.

On July 17, 2009, the Board denied Shahid's and Bilal's second motion to reopen.  The Board concluded that it was both untimely, as it was filed more than 90 days after the Board's final decision, and number-barred.  The Board noted that Shahid and Bilal claimed to have suffered ineffective assistance of counsel, but irrespective of that, the second motion to reopen did not include any evidence that the immediate relative visa petition filed by Ms. Kaur on behalf of Shahid had been approved.  A Form I-797C had been submitted with the motion to reopen indicating that Ms. Kaur's I-130 petition had been approved for 13 year-old Bilal, but there was no proof submitted that her visa petition had been approved for the lead respondent, Shahid, based on their marriage.  Moreover, the Board observed, as the motion itself admitted, there was little evidence submitted of the *bona fides* of Shahid's marriage to Ms. Kaur.  Accordingly, there was no showing that Shahid was prima facie eligible for discretionary relief in the form of adjustment of status.[2]  This timely petition for review followed.

---

[2]  We note that the immediate relative visa petitions filed by Ms. Kaur for Shahid as her spouse and Bilal as her unmarried child, A.R. 435-36, were not filed by the LIFE Act's April 30, 2001 deadline.  The Board, however, did not base its "no prima facie eligibility" determination under INA § 245(i), 8 U.S.C. § 1255(i), on this fact.  Our disposition of the petition for review does not require us to reach the issue whether

5

We will deny the petition for review. We have jurisdiction under 8 U.S.C. § 1252(a)(1) and (b)(1) to review a final order of removal. We review the denial of a motion to reopen for an abuse of discretion. Immigration & Naturalization Serv. v. Doherty, 502 U.S. 314, 323 (1992). The Supreme Court has stated that "[m]otions for reopening of immigration proceedings are disfavored," noting that "as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Id. We will not disturb the Board's discretionary decision unless it was arbitrary, irrational or contrary to law. See, e.g., Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). The agency's factual determinations are upheld if they are supported by reasonable, substantial, and probative evidence on the record considered as a whole. Immigration & Naturalization Serv. v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

"An alien may file one motion to reopen proceedings," and such a motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(A),(B). Ordinarily, "[t]he motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(I); 8 C.F.R. § 1003.2(c)(2). Shahid and Bilal's second motion to reopen was a year late. Because the second motion to reopen was untimely, and none of the

---

Shahid and Bilal were "grandfathered in" with respect to their eligibility under INA § 245(i) by the immediate relative visa petitions filed by Ms. Thomas by the deadline.

exceptions apply,[3] the Board did not abuse its discretion in denying it. Doherty, 502 U.S. at 323; Sevoian, 290 F.3d at 174.

In their brief, Shahid and Bilal claim that the Board erred because, but for the alleged ineffective assistance of their prior attorney in his filing of their first motion to reopen, they would have been able to demonstrate prima facie eligibility for adjustment of status. We have held that attorney conduct can provide a basis for equitable tolling of the ninety-day deadline, see Mahmood v. Gonzales, 427 F.3d 248, 250-53 (3d Cir.2005), but, regardless of Shahid's and Bilal's claim of ineffective assistance of counsel, their second motion to reopen also failed to provide the necessary evidence to demonstrate their prima facie eligibility for adjustment of status.[4]

To be eligible for a discretionary grant of adjustment of status, the applicant must be eligible to receive an immigrant visa, be admissible for permanent residency, and demonstrate that an immigrant visa is immediately available to him when the application is filed. See INA § 245(a), 8 U.S.C. § 1255(a). Aliens, such as Shahid and Bilal, who are otherwise ineligible to adjust their status because of an illegal entry, may take advantage of INA § 245(I) if they are the beneficiaries of a visa petition filed prior to April 30, 2001, and the visa petition was approvable when filed. See 8 U.S.C. § 1255(i)(1)(B)(i).

---

[3] There are exceptions to the ninety day deadline which are not applicable here. 8 C.F.R. § 1003.2(c)(3).

[4] Bilal did not advance a claim to the Board, nor do Shahid and Bilal argue in their brief, that Bilal is independently eligible for adjustment of status on the basis of the approved petition filed by Ms. Kaur, who is not his biological mother.

7

In addition, an alien like Shahid, who marries after removal proceedings have begun, is statutorily ineligible for adjustment of status unless he establishes that his marriage is *bona fide*. See 8 C.F.R. §§ 1245.1(c)(8), 1245.1(c)(8)(iii)(F); 8 U.S.C. § 1255(e)(1), (3).

Shahid and Bilal thus bore the burden of demonstrating a prima facie case that they were the beneficiaries of approved I-130 immediate relative petitions, with priority dates for currently available visas, that they were not ineligible to adjust status, and that Shahid's marriage to Kaur was *bona fide*. See Sevoian, 290 F.3d at 175 (prima facie standard for motion to reopen requires applicant to produce objective evidence showing reasonable likelihood that he can establish he is entitled to relief). As the Board properly observed, Shahid and Bilal had evidentiary failures in their second motion to reopen in that they failed to demonstrate that Shahid was the beneficiary of an approved immediate relative visa petition. This failure alone supports the Board's denial of the motion to reopen because the Board could not adjust Shahid's status without evidence of an approved and immediately available visa. Shahid and Bilal concede this evidentiary failure in a footnote in their brief, stating, "Petitioner's second motion to reopen ... erroneously stated that Petitioner is the beneficiary of an *approved* I-130 visa petition.... In actuality, Petitioner Mohammed Shahid (father) has only a *pending* I-130 petition, while Petitioner Mohammed Bilal (son) is the beneficiary of an *approved* I-130 visa petition." See Petitioner's Brief, at 11 n.1.

8

Nevertheless, Shahid and Bilal argue that a pending immediate relative visa petition is sufficient under the reasoning of Matter of Velarde-Pachecho, 23 I. & N. Dec. 253 (BIA 2002). See Petitioner's Brief, at 23-25. We do not agree. Matter of Velarde held that a motion to reopen seeking adjustment of status based on a marriage entered into after removal proceedings began may be granted notwithstanding the pendency of a visa petition filed on the alien's behalf if certain conditions are met. One of those conditions is that the motion be timely filed. 23 I. & N. Dec. at 256. The Board did not address motions to reopen filed after the 90-day deadline has passed, and pointedly explained that motions submitted after the 90-day period "present additional considerations regarding the finality of proceedings." Id. at 256-57. Shahid's and Bilal's second motion to reopen was not timely filed and thus Matter of Velarde does not apply. Accordingly, the Board's denial of the second motion to reopen on the ground that Shahid and Bilal could not show prima facie eligibility for adjustment of status without evidence of an approved visa petition for Shahid was not an abuse of discretion.

Regarding the *bona fides* of Shahid's marriage, materials which may demonstrate that a marriage is *bona fide* include: (1) documentation showing joint ownership of property; (2) a lease showing joint tenancy of a common residence; (3) evidence of commingling of financial resources; (4) birth certificates of children born to the petitioner and beneficiary; (5) affidavits of third parties having knowledge of the *bona fides* of the marital relationship; and (6) any other documentation which is relevant to

establish that the marriage was not entered into in order to evade the immigration laws of the United States.  8 C.F.R. § § 204.2(a)(1)(i)(B).  As the Board noted, Shahid submitted little evidence with his second motion to reopen that his marriage to Kaur is *bona fide*, and certainly not clear and convincing evidence.  What evidence he did submit did not fit into any of the suggested categories, and thus was insufficient.  See Malhi v. Immigration & Naturalization Serv., 336 F.3d 989, 994 (9th Cir. 2003).  Given this failure, the Board acted within its discretion in denying the second motion to reopen.

For the foregoing reasons, we will deny the petition for review.